IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| CONSUMER LAW AND MASS TORT | ) Chapter 11 |
| LITIGATION GROUP, LLC, | ) Case No. _____ |
| | ) |
| Debtor. | ) |

**DEBTOR'S MOTION FOR INTERIM AND FINAL ORDER (I) AUTHORIZING DEBTOR TO UTILIZE CASH COLLATERAL PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION TO PRE-PETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND (III) SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)**

**COMES NOW,** Consumer Law and Mass Tort Litigation Group, LLC (the "Debtor"), as debtor and debtor-in-possession, and pursuant to §§ 105, 361, 362, and 363 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), and hereby moves this Court (this "Motion") to enter an interim order (the "Interim Order") and a final order (the "Final Order") approving and authorizing Debtor to use cash collateral, grant adequate protection to pre-petition secured parties, and schedule final hearings as necessary. Debtor does not concede that any party has a perfected security interest in cash collateral. However, for purposes of this Motion and the immediate hearing, Debtor will presume that the Secured Creditors (as defined below) each have a perfected interest. In support of this Motion, Debtor relies on the *Declaration in Support of Chapter 11 Petition and First Day Motions,* filed contemporaneously herewith, and states as follows:

## JURISDICTION AND VENUE

1. On November 25, 2015 (the "Petition Date"), Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with the Clerk of this Court. Debtor continues to operate its business and manage its properties as a debtor in possession pursuant to §§ 1107(a) and 1108.

2. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of Debtor's chapter 11 case and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are Bankruptcy Code §§ 105, 361, 362, and 363.

## FACTUAL BACKGROUND

3. Debtor is a law firm organized as Whatley Drake, LLC, an Alabama limited liability company, in 1998 in Birmingham, Alabama. In 2006 the name of the Debtor was changed to Whatley, Drake & Kallas, LLC and in 2014 the name of the Debtor was changed to its current name. Debtor's primary practice was mass torts and class actions pursuant to contingent fee arrangements.

4. The recent economic downturn affected many law firms, including Debtor. In addition, in 2010 the Debtor's member primarily responsible for much of the mass torts litigation became disabled and withdrew. In response, Debtor discontinued its participation in new mass torts projects and began winding down its mass torts practice.

5. At one time Debtor had fifteen (15) members (referred to as partners), but by May 2012 it had only two (2) members. Debtor downsized its operations and surrendered its leased space in New York City (the "NYC Premises") in 2011. Despite downsizing efforts, Debtor ultimately found itself unable to continue its business in the ordinary course. Accordingly, after

2

considering all options, an agreement was reached in 2012 based on independent valuations, under which Debtor sold a substantial portion of its assets, including much of its case inventory, to Whatley Kallas, LLC (the "WK Firm") which undertook the responsibility to bear the cost of continuing to handle existing matters.

6. Debtor currently has two (2) members plus one (1) employee. Despite Debtor's much reduced operations and the sale of a great part of its assets, Debtor still represents clients and has an obligation and ethical duty to those clients to ensure proper representation.

7. Adding to other financial pressures, litigation (the "NYC Litigation") has been ongoing for several years between Debtor's former landlord in New York City, New York (the "NYC Landlord"). The NYC Landlord claims that Debtor is liable for all rents due since Debtor vacated the NYC Premises (which position Debtor disputes) through the full term of the lease and Debtor has counterclaims for, among other things, the NYC Landlord's interference with various subletting proposals made by Debtor.

8. The financial pressures, including the impact of the NYC Litigation on Debtor's operations, forced the Debtor to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code in an effort to formulate a plan on which it could proceed to protect its interests and continue providing legal representation to its clients.

## THE PREPETITION COLLATERAL

9. In connection with the 2012 sale described above, Joe R. Whatley, Jr. ("Whatley"), who is an 85% owner of Debtor, and Edith M. Kallas ("Kallas," together with Whatley, the "Secured Creditors"), who is a 15% owner of Debtor, obtained a security interest in certain of Debtor's cases (the "Cases") in exchange for good and valuable consideration provided by the Secured Creditors as more particularly set forth in the sale agreement.

3

10. The Cases serve to collateralize the debt obligations—unpaid draws—owing by Debtor to the Secured Creditors. The approximate debt obligation owing to Whatley on account of these unpaid draws is $1.9 million. The approximate debt obligation owing to Kallas is $315,000. At this time, the collective value of the Cases is unknown to Debtor. Debtor does, however, anticipate receiving payments from these Cases (the "Secured Creditors' Cash Collateral") in the future, potentially as early as December 2015.

11. The Secured Creditors will need to make a *prima facie* showing of a perfected lien in its favor on Debtor's Cases as of the commencement of this chapter 11 case.

## RELIEF REQUESTED

12. Pursuant to section 363(c)(2) of the Bankruptcy Code, Debtor requests that this Court authorize and approve Debtor's use of the Secured Creditor's Cash Collateral for the payment of Debtor's post-Petition operating expenses, including, but not limited to, the payment of any fees and expenses owed to professionals employed by it ("Professional Expenses") upon the entry of an order from this Court authorizing the payment of such Professional Expenses including an appropriate carve out.

## BASIS FOR RELIEF

**A.  Use of Cash Collateral and Adequate Protection**

13. Section 363(c)(2) of the Bankruptcy Code governs the Court's approval of the use of cash collateral and provides that a debtor "may not use, sell, or lease cash collateral...unless (A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Section 363(e) of the Bankruptcy Code provides that upon request of an entity that has an interest in property to be used by a debtor, the court shall prohibit

4

Case 15-04791-TOM11    Doc 4    Filed 11/25/15    Entered 11/25/15 14:47:37    Desc Main
Document    Page 4 of 14

or condition such use as is necessary to provide adequate protection of such interest. 11 U.S.C. § 363(e).

14. A debtor has the burden to establish that the holder of a lien to be subordinated, or whose cash collateral will be used, has adequate protection. 11 U.S.C. § 363(p)(1). Adequate protection must be determined on a case-by-case basis, permitting a debtor maximum flexibility in structuring its adequate protection proposal. *See In re Martin*, 761 F.2d 472, 474 (8th Cir. 1985); *In re George Ruggerie Chrysler-Plymouth, Inc.*, 727 F.2d 1017, 1019 (11th Cir. 1984). Nonetheless, "[a] debtor, attempting to reorganize a business under chapter 11, clearly has a compelling need to use 'cash collateral' in its effort to rebuild." *George Ruggerie*, 727 F.2d at 1019.

15. Debtor needs immediate authority to use the cash collateral to fund Debtor's day-to-day operations and ultimately achieve a successful reorganization. Specifically, Debtor requires the use of cash collateral for the payment of its post-petition operating expenses, including, but not limited to, Professional Expenses. These expenses are reasonable and necessary business expenses which must be paid in order to maintain and preserve its assets and to continue the operation of its business. Debtor currently has no present alternative borrowing source from which it can secure additional funding to operate its business. In sum, the failure to obtain authorization for the use of the Secured Creditors' Cash Collateral will be fatal to Debtor and disastrous to its creditors, both secured and unsecured.

16. As adequate protection, Debtor proposes to grant each of the Secured Creditors' a replacement perfected security interest under section 361(2) of the Bankruptcy Code (i) to the extent the Secured Creditors' Cash Collateral is used by Debtor, and (ii) to the extent and with

5

the same priority in Debtor's postpetition collateral, and proceeds thereof, that the Secured Creditors hold in Debtor's Cases, as well as the BP Claim (as defined in the proposed plan).

17. The replacement liens that Debtor proposes to grant to the Bank shall be deemed to be perfected automatically upon entry of the Interim Order. *See Small v. Beverly Bank*, 936 F.2d 945, 948-49 (7th Cir. 1991).

18. Although not required, upon request by the Secured Creditors, Debtor shall execute and deliver to the Secured Creditors any and all UCC Financing Statements, and UCC Continuation Statements, or other instruments or documents considered by the Secured Creditors to be necessary in order to perfect the security interest and liens granted by any Order approving this Motion, and the Secured Creditors are authorized to receive, file and record the foregoing, which actions shall not be deemed a violation of the automatic stay. Any such filing shall be without prejudice to all claims that Debtor asserts against the Secured Creditors in any avoidance or other action or that the Secured Creditors are not perfected in the Cases. The Secured Creditors shall not make any further charges against Debtor for such documentation.

19. In the event that this Court does not authorize Debtor's use of the Secured Creditors' Cash Collateral, Debtor believes that it will be unable to maintain its current business operations and propose a successful plan of reorganization.

20. Debtor believes that the proposed adequate protection is fair and reasonable and sufficient to satisfy any diminution in value of the Secured Creditors' Collateral. This Court has previously authorized debtors to obtain similar post-petition relief. *See, e.g., Bruno's Supermarkets, LLC*, Case No. 09-00634-BGC (Bankr. N.D. Ala. Feb. 5, 2009); *In re Bill Heard Enters., Inc.*, Case No. 08-83029-JAC (Bankr. N.D. Ala. Sept. 28, 2008); *In re Citation Corp.*,

6

Case 15-04791-TOM11    Doc 4    Filed 11/25/15    Entered 11/25/15 14:47:37    Desc Main
Document      Page 6 of 14

Case No. 04-08130-TOM (Bankr. N.D. Ala. Sept. 18, 2004); *In re Meadowcraft, Inc.*, Case No. 02-06910-TOM (Bankr. N.D. Ala. Sep. 20, 2002).

### B. Interim Approval Should Be Granted

21. Rule 4001(b) of the Federal Rules of Bankruptcy Procedure provides that a final hearing (the "Final Hearing") on a motion to use cash collateral pursuant to §363 may not be commenced earlier than fourteen (14) days after the service of such motion. Upon request, however, the court is empowered to conduct a preliminary expedited hearing on the motion and authorize the use of the Secured Creditors' Cash Collateral and the obtaining of credit to the extent necessary to avoid immediate and irreparable harm to a debtor's estate.

22. Pursuant to Rule 4001(b), Debtor requests that the Court conduct an expedited preliminary hearing on the Motion (the "Interim Hearing") and grant the relief requested in the proposed Interim Order in order to (a) maintain Debtor's ongoing operations and (b) avoid the immediate and irreparable harm and prejudice to Debtor's estates and all parties in interest that would otherwise ensue.

23. Debtor has an urgent and immediate need for cash to continue to operate. Debtor will be immediately and irreparably harmed absent authorization from the Court to use the Secured Creditors' Cash Collateral as requested on an interim basis pending a Final Hearing on the Motion.

### REQUEST FOR FINAL HEARING

24. Debtor also requests that the Court schedule the final hearing during the week that is four weeks after the date of this Motion, with objections, if any, to the Final Order being due in writing on or before the date that is at least three (3) business days prior to the Final Hearing.

7

## NOTICE

25. Notice of this Motion has been provided to (1) the Office of the Bankruptcy Administrator for the United States Bankruptcy Court for the Northern District of Alabama, Southern Division; (2) all known creditors of Debtor and, if known, their counsel; and (3) the Internal Revenue Service.

26. No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, Debtor respectfully request that the Court enter an order substantially similar to the order attached hereto as Exhibit "A" and further relief as this Court may deem just and proper.

Dated: November 25, 2015.

/s/ Heather A. Lee
Michael Leo Hall
Heather A. Lee
Ryan Thompson

Attorneys for Debtor
Consumer Law and Mass Tort Litigation Group, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
420 North 20th Street, Suite 3400
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

8

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing document by email communication or Federal Express, or if either of these delivery methods is not available, then by U.S. First Class Mail. on this the 25th day of November, 2015:

Mr. Tom Corbett
Bankruptcy Administrator
Robert S. Vance Federal Building
Suite 300
1800 Fifth Avenue North
Birmingham, AL 35203

Borah, Goldstein, Altschuler,
Nahins & Goidel, P.C.
Attn: Joseph I. Farca
377 Broadway, 6th Floor
New York, NY 10013-3993
Email: JFarca@borahgoldstein.com

Buchbinder Tunick & Company LLP
One Pennsylvania Plaza, Suite 5335
New York, NY 10119

Cloud & Willis, LLC
Attn: Brian M. Cloud
1625 Richard Arrington Jr. Blvd. South
Birmingham, AL 35205
Email: bcloud@cloudWillis.com

Deborah Clark-Weintraub
2 Davis Road
Port Washington, NY 11050

Duff & Phelps, LLC, fka S & P CVC
12595 Collection Center Drive
Chicago, IL 60693

Executive Data Systems, Inc.
6100 Blue Lagoon Drive, Suite 350
Miami, FL 33126

Glen M. Connor
Quinn, Connor, Weaver, Davies and Rouco
2 N. 20th St. N.
Birmingham, AL 35223
Email: gconnor@qcwdr.com

Howard M. Miles
758 Linwood Rd.
Birmingham, AL 35222
Email: hmiles@whatleykallas.com

Humphryes & Arnett
2901 2nd Ave. S., Ste. 220
Birmingham, AL 35233

Iron Mountain
1000 Campus Drive
Collegeville, PA 19426

Managed Care Advisory Group, LLC
3434 Granite Circle
Toledo, OH 43617

Sprint LD Comm
c/o Prentice Hall Corporation System
150 South Perry St.
Montgomery, AL 36104

SPUSV5 1540 Broadway, LLC
c/o CT Corporation System, Reg. Agt.
111 Eighth Avenue
New York, NY 10011

26067199 v2

| | |
|---|---|
| Federal Express<br>Fed-Ex Dropbox<br>Room 154-0455<br>500 Ross Street<br>Pittsburgh, PA 15262 | Veritext New York Reporting Co.<br>c/o Debra Neiderfer<br>1250 Broadway, Suite 2400<br>New York, NY 10001<br>Email: dneiderfer@veritext.com |
| Federal Express<br>942 South Shady Grove Road<br>Memphis, TN 38120 | Joe R. Whatley, Esq.<br>1230 Riverside Dr.<br>Aspen, CO 81611<br>Email: jwhatley@whatleykallas.com |
| Whatley Drake Properties, LLC<br>2001 Park Pl. #1000<br>Birmingham, AL 35203 | Engel Hairston & Johanson PC<br>Attn: Rick Johanson<br>109 20th St. N<br>Birmingham, AL 35203<br>Email: rjohanson@ehjlaw.com |
| Whatley Kallas, LLP<br>720 East Durant Avenue, Suite E6<br>Aspen, CO 81611 | Internal Revenue Service<br>Centralized Insolvency Operation<br>Post Office Box 21126<br>Philadelphia, PA 19114-0326 |
| Edith Kallas, Esq.<br>1230 Riverside Dr.<br>Aspen, CO 81611<br>Email: EKallas@whatleykallas.com | |

/s/ Heather A. Lee
OF COUNSEL

26067199 v2

# EXHIBIT "A"

## PROPOSED INTERIM ORDER

9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                    )
                                          )
CONSUMER LAW AND MASS TORT                )   Chapter 11
LITIGATION GROUP, LLC,                    )   Case No. _____
                                          )
          Debtor.                         )

INTERIM ORDER (I) AUTHORIZING DEBTOR TO UTILIZE CASH COLLATERAL
PURSUANT TO 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION TO PRE-
PETITION SECURED PARTIES PURSUANT TO 11 U.S.C. §§ 361, 362, 363 AND (III)
SCHEDULING FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(b)

This matter came to be heard upon the motion (the "Motion")[1] of Consumer Law and Mass Tort Litigation Group, LLC (the "Debtor") for the:

    a.    Authorization of Debtor's use of the Secured Creditors' Cash Collateral for the payment of Debtor's post-petition operating expenses, including, but not limited to, Professional Expenses;

    b.    Granting of adequate protection to the pre-petition Secured Creditors; and

    c.    Scheduling a final hearing ("Final Hearing").

Upon consideration of the Motion and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and having determined that the relief requested in the Motion is in the best interests of Debtor, its estate, its creditors, and other parties in interest; and upon the record herein; and after due deliberation thereon; and

---

[1] Any capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

26069881 v2

good and sufficient cause appearing therefor, it his hereby **ORDERED, ADJUDGED, AND DECREED THAT:**

    1.    The Motion is **GRANTED**;

    2.    Debtor is authorized to use the Secured Creditors' Cash Collateral for the payment of Debtor's post-Petition operating expenses as set forth in the Motion;

    3.    Debtor shall grant the Secured Creditors a replacement perfected security interest under section 361(2) of the Bankruptcy Code (i) to the extent the Secured Creditors' Cash Collateral is used by Debtor, and (ii) to the extent and with the same priority in Debtor's postpetition collateral, and proceeds thereof, that the Secured Creditors hold in the Cases, all without prejudice to any party's right to challenge the Secured Creditors' perfection, indebtedness, or any other potential liability; and Debtor shall also grant the Secured Creditors a replacement lien in the BP Claim to the extent the Secured Creditors' Cash Collateral is used;

    4.    Such replacement liens shall be deemed to be perfected automatically upon entry of this Order

    5.    Upon request by the Secured Creditors, Debtor shall execute and deliver to the Secured Creditors any and all UCC Financing Statements, and UCC Continuation Statements, or other instruments or documents considered by the Secured Creditors to be necessary in order to perfect the security interests and liens granted by this Order, and the Secured Creditors are authorized to receive, file and record the foregoing, which actions shall not be deemed a violation of the automatic stay; moreover, any such filing shall be without prejudice to all claims that Debtor asserts against the Secured Creditors in any avoidance or other action or concerning lack of perfection; finally, the Secured Creditors shall not make any further charges against Debtors for such documentation;

6. The Court finds that the Secured Creditors are adequately protected by virtue of the replacement liens granted by this Order; and

7. A Final Hearing on the Motion shall be scheduled during the week that is four weeks after the date of the Motion, with objections, if any, to the Final Order being due in writing on or before the date that is at least three (3) days prior to the Final Hearing.

DATED this the _____ of _____ 2015.

_____
UNITED STATES BANKRUPTCY JUDGE